(No. 2584—

JOHN W. GRAPES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1940.*

KAYWIN KENNEDY and L. C. SIEBERNS, for claimant.

JOHN E. CASSIDY, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The complaint herein alleges that on December 1, 1920, claimant was employed by the Secretary of State of the State of Illinois and assumed the duties of an assistant to a clerk; that in 1922 he was promoted to the duties of a clerk in the Secretary of State's office and handled all correspondence of the Secretary of State in such capacity for a long period of time thereafter; that he received $150.00 per month, which was raised from time to time until he was receiving $200.00 per month.

That on February 1, 1931, he was informed by the Secretary of State that there was a shortage of money in said office, and that he would have to be relieved from duty, and that he was thereupon relieved from duty; that on March 15, 1931, he was reinstated in the same position at the same salary, and continued to work in said position from March 16, 1931, until July 1, 1931, at the said salary of $200.00 per month; that during said period from March 16, 1931, to July 1, 1931, he received only $150.00 upon the total amount due of $700.00. That he made frequent demands upon the Secretary of State for the payment of the salary of $200.00 per month for said period, but that there remains due therefrom the sum of $550.00 and interest at the rate of five (5) per cent per annum from July 1, 1931. Claimant further states that following July 1, 1931, he continued as clerk aforesaid up to September 16, 1933, during which time he received his full salary of $200.00 per month.

Claim was filed January 24, 1935, and seeks an award of $550.00 and interest of $98.54, or a total of $648.54.

Evidence has been introduced from time to time from the 24th day of April, 1935, to February 27, 1940.

A Departmental Report signed by A. C. Millspaugh, Chief Clerk in the Secretary of State's office, filed January 9, 1940, and identified as Claimant's "Exhibit 2," states that claimant's wages or salary began at $125.00 per month in 1921 and was increased from year to year until in 1929 when it was fixed at $200.00 per month.

That claimant was taken off the payroll February 1, 1931, on account of shortage of funds; that on May 15, 1931, he was paid $75.00, and again on June 15, 1931, $75.00; thus making a total of $150.00 paid between March 15 and June 30, 1931. Mr. Millspaugh's Report further states that there is no record in the Secretary of State's office showing when or upon what basis claimant was reinstated, but that the records show that he was paid as follows: For May 1st to 15th, $75.00; June 1st to the 15th, $75.00, making a total of $150.00 paid between March 16th and June 30, 1931. Mr. Millspaugh's Report further states that claimant continued to work from soon after his layoff up to July 1, 1931, when he was again restored to the payroll in the sum of $200.00 per month.

Claimant contends that when Mr. Stratton, who was then Secretary of State, laid him off, he prevailed upon Gordon

W. Childers, who was then a member of the Legislature from the 26th Senatorial District, to go with him to talk to the Secretary of State's office to obtain his re-employment. That following such call he received a letter identified as claimant's "Exhibit 1," signed by William J. Stratton, Secretary of State, dated February 20, 1931, which stated: "After you called at the office yesterday I checked up and find that it will be impossible for me to reinstate Mr. Grapes until March 16th. I have advised him to report for duty on that date."

There is some confusion in the record as to just what Mr. Grapes' position was. The complaint, as heretofore noted, alleges that at the time he was relieved of duty on February 1, 1931, he was "a clerk in the Secretary of State's office, handling all correspondence of said Secretary of State." Albert C. Larson, A. R. Millard, and Cora Lewis, witnesses produced by claimant, each testified that they and Mr. Grapes were all clerks in the Automobile Department of the Secretary of State's office; that they worked under the supervision of Mr. Hickey, who was superintendent of that department, Mr. Larson being chief clerk.

Representative Childers testified that he had seen claimant in the performance of his duties many times and that claimant was a file clerk in the Automobile Department.

Miss Lewis stated that claimant had charge of the Index Cards in the Filing Department.

Mr. Grapes, in his testimony on February 27, 1940, in answer to the question, "What was your work in the office at that time (i.e., January, February and June, 1931)?" answered: "I was the head of the department, looked after all the mail and after the information, about complaints and all that."

It becomes important to consider the status of his employment because the record further discloses that in response to a request from the Attorney General's office, Hon. Edward J. Barrett, Auditor of Public Accounts, looked up the payroll records in his office for the Automobile Department for the period from March 16, 1931, to July 1, 1931, to see upon what, if any, payroll claimant was carried during that time, and as to whether such payrolls indicated why payment was not made to him regularly. A statement from the Auditor of Public Accounts appears in the record as Respondent's "Exhibit 1," and is as follows:

"We have referred to pay-roll records and find from the pay-rolls on file covering the Secretary of State, that Dwight Anderson was in the specified position held previously by John W. Grapes from February 1, 1931 to March 31, 1931. B. H. Kunkler was then transferred to this particular position and was paid from this appropriation from April 1, 1931 to June 30, 1931.

"We do not find that John W. Grapes was paid from any other appropriation during that time, except the $150.00 paid to him for two periods in the amount of $75.00 each time. After July 1, 1931 we find that John W. Grapes was reinstated to his former position at the rate of $200.00 per month."

The appropriation to which reference was above made was that found on page 155 of the Session Laws of 1929, wherein appears the item, "Making an Appropriation for One Clerk at $2,400.00 per annum."

After claimant went back to work he accepted the two $75.00 Warrants without any apparent objections, and he states that the dates appearing at the bottom of said Warrants, i. e. May 1-15, 1931 and June 1-15, 1931 were not on the Warrants when he received them. The other evidence in the record indicates that he is mistaken in his recollection as to same. Claimant further testified that he never requested any additional pay from Mr. Stratton, the then Secretary of State, until just before the latter went out of office in January, 1933, at which time Mr. Stratton stated he had no funds with which to pay him. Claimant states that he frequently asked Mr. Millspaugh for "the checks," but nothing appears as to any statement by Mr. Millspaugh in regards thereto.

It does not appear from the record that Mr. Grapes was in the classified Civil Service. Neither does there appear to be any question from the record as to his having been employed during the period for which he seeks additional wages, i. e. from March 15, 1931 to July 1, 1931. It further appears however, that the then Secretary of State Stratton discontinued John W. Grapes' service in February, 1931 and proceeded to place Dwight Anderson and B. H. Kunkler successively on the pay-roll instead of Grapes, and that the appropriation for the clerkship previously held by Grapes was used during such period to pay the other two employees. No set duties appear to be prescribed for such clerkship, and for the purposes of this record it is immaterial whether the employees Anderson and Kunkler performed the same identical tasks previously performed by Grapes or were assigned to other clerical work. The claimants acceptance of the two $75.00 Warrants indicates that he was reinstated on a temporary basis or capacity until the first of July, 1931, and was

placed on a less schedule of pay during such period; that he was again restored to his former clerical position on the payroll in Mr. Stratton's office on July 1, 1931. This is further borne out by the fact that no complaint was made by him in regard to any shortage in his pay, when the $75.00 payments were made to him, and in fact raised no question as to the reduction in rate of wages from the time he left the service of the State on September 15, 1933 until January 24, 1935. Whether claimant's superior treated him fairly or not in temporarily laying him off and putting someone else on the payroll in his place and later again employing him at a decreased rate of pay, is not for the court to comment upon. There is nothing in the record to show that the Secretary of State did not have authority to so do.

Claimant was rehired March 16, 1931. The proof shows he worked until July 1, 1931 and that his scale of pay during that period was on the basis of $150.00 per month; that said period covered a term of 3½ months for which he should have received $525.00. He was paid $150.00 and is entitled to an award of $375.00 for unpaid time.

If the two $75.00 warrants delivered to him in May and June 1931, did not bear the dates showing periods for which they were given, we might consider such warrants as having been payment in full for the entire period of employment from March 16th to July 1, 1931, but the warrants do show the dates covered, and we find claimant is entitled to the balance of $375.00.

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, which payments would constitute, in fact, an additional payment for work already performed and for which remuneration had already been made."

*Item 3, Sec. 9, Par. 9, Chap. 127b, State Finances.*

The court finds that a sufficient legal basis for the allowance of an award has been shown, and an award is hereby allowed in favor of claimant in the sum of $375.00.